PER CURIAM.
Justice appeals the trial judge’s order finding him guilty of indirect criminal contempt. The State of Florida has not filed an answer brief. We reverse.
In February, 1979, Justice purchased an advertisement in the Banner, a newspaper which circulated in Washington County. The ad consisted of a letter, addressed to the Chief Judge of the Fourteenth Judicial Circuit, containing a reference to alleged extra-judicial activities of another judge *1038 within the circuit. While we do not condone scurrilous allegations regarding a judge’s private life, under the facts of this case we must agree with Justice that publishing the letter did not constitute indirect criminal contempt.
A criminal contempt is conduct that is directed against the authority and dignity of a court or of a judge acting judicially. Ex Parte Earman, 85 Fla. 297, 95 So. 755 (1923). A publication may constitute contempt if it tends to intimidate, influence, impede, embarrass, or obstruct courts in the administration of justice in matters pending before them. State ex rel Giblin v. Sullivan, 157 Fla. 496, 26 So.2d 509 (1946). See also Vines v. Vines, 357 So.2d 243 (Fla. 2nd DCA 1978). Although the publication in question may have been personally embarrassing to the offended judge, there is no evidence that it was directed against his judicial authority or dignity or that it tended to obstruct the administration of justice.
In an earlier contempt proceeding, stemming from the appellant’s 1977 publication of an identical letter, Justice had been admonished against “further publication of matters which in the court’s eyes tends to influence a case presently under consideration by the court.” However, the record does not indicate that the second publication of the letter tended to influence any case under consideration. Therefore, the February, 1979, publication could not constitute a contemptuous violation of the earlier order.
Accordingly, judgment is REVERSED for proceedings not inconsistent with this opinion.
SHIVERS and WENTWORTH, JJ., and WOODIE A. LILES (Ret.), Associate Judge, concur.