443 So.2d 421 (1984)
Robert CHALK, Appellant/Patient,
v.
STATE of Florida, Appellee.
No. 83-1097.
District Court of Appeal of Florida, Second District.
January 4, 1984.
*422 Judge C. Luckey, Jr., Public Defender, and Gary G. Graham, Asst. Public Defender, Tampa, for appellant/patient.
Jim Smith, Atty. Gen., and Dean C. Kowalchyk, Asst. Atty. Gen., Tallahassee, for appellee.
CAMPBELL, Judge.
Appellant/patient, Robert Chalk, appeals the order involuntarily committing him to a mental institution. At the involuntary placement hearing, one of the psychiatrists who signed the petition for involuntary commitment was the only witness. The state attorney asked appellant's counsel to stipulate as to the psychiatrist's qualifications. Appellant's counsel refused. The court immediately declared that the psychiatrist was an expert witness. No further inquiry was made into the doctor's credentials. Appellant argues that the court improperly found that the psychiatrist was an expert witness.
At the end of the hearing, appellant's counsel requested permission to make a closing argument. The trial judge denied the request saying, "I will not listen to your argument," and stated, "I think the court is able to remember twenty minutes of evidence."
Appellant argues that the trial court's refusal to allow closing argument violated his due process rights.
Involuntary commitment has been termed "a massive curtailment of liberty." Humphrey v. Cady, 405 U.S. 504, 509, 92 S.Ct. 1048, 1052, 31 L.Ed.2d 394 (1972). "Those whom the state seeks to involuntarily commit to a mental institution are entitled to the protection of our Constitutions, as are those incarcerated in our correctional institutions." Shuman v. State, 358 So.2d 1333, 1335 (Fla. 1978). The subject of an involuntary commitment has a right to the effective assistance of counsel at all judicial proceedings which could result in a limitation on the subject's liberty. § 394.467(4)(e), Fla. Stat. (Supp. 1982), and In Re Beverly, 342 So.2d 481, 489 (Fla. 1977).
In Herring v. New York, 422 U.S. 853, 859, 95 S.Ct. 2550, 2554, 45 L.Ed.2d 593, 598 (1975), the court stated "the overwhelming weight of authority, in both federal and state courts, holds that a total denial of the opportunity for final argument in a nonjury criminal trial is a denial of the basic right of the accused to make his defense."
Under Herring and Shuman, appellant's constitutional due process rights were violated when his trial counsel was not allowed to present a closing argument.
Due to the shortness of the hearing, closing argument seemed unwarranted to the trial judge in this case. The United States Supreme Court addressed this problem in Herring.

*423 Some cases may appear to the trial judge to be simple  open and shut  at the close of the evidence. And surely in many such cases a closing argument will, in the words of Mr. Justice Jackson, be "likely to leave [a] judge just where it found him." But just as surely, there will be cases where closing argument may correct a premature misjudgment and avoid an otherwise erroneous verdict. And there is no certain way for a trial judge to identify accurately which cases these will be, until the judge has heard the closing summation of counsel. (Footnotes omitted.)
Id. 422 U.S. at 863, 95 S.Ct. at 2556, 45 L.Ed.2d at 601.
Thus, a defendant has a right to a closing argument regardless of the length of the hearing or the apparent simplicity of the issues presented.
Appellee also argues that the psychiatrist's testimony was required by section 394.467(3)(a), Florida Statutes (Supp. 1982) and, therefore, inquiry into his qualifications would not be relevant. Section 394.467(3)(a) provides that one of the mental health professionals who signed the petition for involuntary commitment must testify at the hearing for involuntary commitment. In this case, the psychiatrist's testimony was offered and accepted in accordance with that statute. Nonetheless, an unquestioning acceptance of the psychiatrist's credentials is not required by the statute. The psychiatrist was the only witness in this case. His testimony was the primary basis for committing appellant to a mental institution. Appellant's counsel should have been allowed to discover, through cross-examination, information about the doctor's education and experience which would affect the reliability of his judgment in this case.
Here, defense counsel did not attempt to cross-examine the psychiatrist as to his credentials. The trial court had clearly indicated during the presentation of the psychiatrist as an expert witness, that no examination of the psychiatrist's credentials would be allowed. At that point, the assistant state attorney asked defense counsel, "Will you stipulate?" Defense counsel answered, "No, I will not." The trial judge then interjected, "Yes, you will. Court finds he is an expert witness." During cross-examination of the psychiatrist, defense counsel stated, "I was not allowed to go into your qualifications, Doctor." We find defense counsel has properly preserved this point for appeal. Due to the trial court's previous ruling, an effort to cross-examine the psychiatrist would have been futile. "A lawyer is not required to pursue a completely useless course when the judge has announced in advance that it will be fruitless." Brown v. State, 206 So.2d 377, 384 (Fla. 1968); Wilson v. State, 344 So.2d 1315, 1317 (Fla. 2d DCA 1977).
The lack of inquiry alone probably would not constitute grounds for reversal; however, when this aspect of the case is combined with the denial of an opportunity to make a closing argument, the impairment of appellant's ability to present his defense is apparent.
For the reasons described above, we find appellant's due process rights were violated. We reverse and remand for a new hearing when appellant shall be given an opportunity to present a closing argument and to inquire into the psychiatrist's qualifications. Meanwhile, if appellant continues to be involuntarily committed, he shall remain in custody pending the outcome of the new hearing.
As a final comment, we note that on the date of the hearing discussed here, the lower court heard several other involuntary commitment cases involving the same psychiatrist and attorneys as appeared in this case. We understand the trial court did not allow voir dire of the psychiatrist because defense counsel had just stipulated to the same psychiatrist's qualifications at the involuntary commitment hearing immediately preceding this one. According to defense counsel, he refused to stipulate in this case because problems arose with the testimony of the psychiatrist in the preceding case. We recognize that the trial *424 courts' dockets are heavy, and we sympathize with the need to keep the process moving as quickly as possible; nonetheless, due process rights must prevail. Appellant should not have been refused any inquiry into the psychiatrist's expertise, and he should have been granted an opportunity to present a closing argument.
GRIMES, A.C.J., and SCHOONOVER, J., concur.