LEHAN, Judge.
This case involves an appeal from an order of involuntary commitment. Appellant asserts three points on appeal: (1) there was insufficient evidence to support the involuntary commitment order; (2) the trial court, contrary to sections 394.453(1) and 394.467(l)(b)(5), Florida Statutes (1983), failed to consider less restrictive alternatives; and (3) the trial court improperly did not allow summation and closing argument by appellant’s counsel.
Appellant’s third point has merit. The trial court erred by not permitting summation and closing argument. This was a denial of appellant’s due process rights. Chalk v. State, 443 So.2d 421 (Fla. 2d DCA 1984) (decided after the order of involuntary commitment was entered in the instant case). We therefore reverse the order of involuntary commitment and remand for closing argument.
We do not remand for a new hearing as this court did in Chalk. In Chalk error was found to have occurred during testimony at the hearing. On the other hand, here we do not find merit in appellant’s first and second points on appeal. Our examination of the record in this case does not convince us that the attorneys and the trial court cannot, from a reading of the record, become once again fully cognizant of all portions of the hearing so as to make closing argument at least as meaningful as if it had been originally permitted. See Feiler v. State, 443 So.2d 1072 (Fla. 2d DCA 1984).
During the pendency of this appeal appellant was released and put on convalescent status. However, we do not believe that the appeal has become moot. It has been shown that the Federal Aviation Administration, as a collateral consequence of appellant’s involuntary commitment, re *271 voked appellant’s medical certificate and suspended his pilot’s certificate. State v. Kinner, 398 So.2d 1360 (Fla.1981), supports the position that a patient’s release from involuntary commitment renders moot an appeal based upon asserted insufficiency of the evidence. See also West-lake v. State, 440 So.2d 74 (Fla. 5th DCA 1983). However, neither of those cases involved a showing, as here, that there had been a collateral legal consequence of the involuntary commitment. See In re Bal-lay, 482 F.2d 648 (D.C.Cir.1973), cited in Westlake.
Reversed and remanded for proceedings consistent herewith.
BOARDMAN, A.C.J., and SCHOON-OVER, J., concur.