PER CURIAM.
Silas Eubanks seeks a petition for writ of prohibition from this court. We agree with petitioner that the facts asserted in the order to show cause, taken as true, do not constitute contempt of court and therefore we grant the petition and issue the "writ.
Eubanks, a Tallahassee attorney, represented Angela Robinson, a Tallahassee resident, in Taylor County Circuit Court on felony charges involving, among other things, trafficking in cocaine. When the matter was called for trial, Eubanks advised the court that he had gone to Robinson’s house earlier in the morning to bring her to Perry as previously arranged. Robinson, however, was not ready to leave and apparently had overslept. Eubanks and his assistant trav-elled to Perry with the understanding that Robinson would appear for trial but would be late. At the direction of the court, Eubanks called Robinson and she advised him that she would not appear for trial. A capias was then issued, the jury was released, and court was recessed.
When Leon County deputies were unsuccessful in serving the capias, Assistant State Attorney Page telephoned Eubanks to determine where he had found Robinson on the morning before trial. Page was unable to speak to Eubanks but later that day Eu-banks spoke to Deputy Worsham of the Taylor County Sheriffs Office. Eubanks declined to tell Worsham where he had seen Robinson that morning and gave the same answer to Page later that same day. After contacting an attorney knowledgeable in ethics matters and after obtaining an opinion from the Florida Bar ethics section, Eubanks wrote to Page and advised that he would not provide the requested information. Eubanks gave the same response to two agents of the Florida Department of Law Enforcement who contacted him on the day following trial. The state attorney then petitioned the trial court for an order to show cause why Eu-banks should not be held in contempt. The trial court issued the order and Eubanks then sought relief in this court.
This court directed the respondent to show cause why the petition for writ of prohibition should not be granted. Having now considered the response and petitioner’s reply, we find that the writ should issue.
As to the appropriateness of the remedy, we agree with petitioner that prohibition will lie “when a party is about to be cited for contempt on the basis of acts which could not constitute contempt of court.” State ex rel. Gillham v. Phillips, 193 So.2d 26, 29 (Fla. 2d DCA 1966); see also Anderson Investments Co. v. Lynch, 540 So.2d 832 (Fla. 4th DCA 1988); Wilkes v. Revels, 245 So.2d 896 (Fla. 1st DCA 1970), cert. denied, 247 So.2d 437 (Fla.1971); Scussel v. Kelly, 152 So.2d 767 (Fla. 2d DCA 1963), quashed on other grounds, 167 So.2d 870 (Fla.1964). In the response, respondent seeks to inject possible factual scenarios into this proceeding which suggest that Eubanks might have had information regarding Robinson’s intentions prior to trial. However, petitioner properly points *598 out that the order to show cause is the charging document in this case and only his refusals to respond to inquiries by Page, Worsham, and the FDLE agents are at issue.
Indirect criminal contempt may be found for violation of a court order but the order must clearly and definitely advise the person of its command and direction. If no order has been violated, contempt can only be found if the conduct is calculated to embarrass, hinder, or obstruct the court in the administration of justice or calculated to lessen the court’s authority and dignity. Justice v. State, 400 So.2d 1037, 1038 (Fla. 1st DCA 1981). It must be demonstrated that the contemnor acted with knowledge of what is expected of him. Sandstrom v. State, 309 So.2d 17 (Fla. 4th DCA 1975), cert. discharged, 336 So.2d 572 (Fla.1976). Here, petitioner did not violate any court order or engage in any offensive behavior in the presence of the court. He was asked questions which created an ethical dilemma and Eu-banks properly sought competent legal advice. As far as Eubanks knew, the court was not involved in posing these questions and had no knowledge that petitioner was being questioned. We find therefore that the facts alleged in the order to show cause, if taken as true, do not and could not constitute contempt of court. Accordingly, we grant the petition for writ of prohibition and order that no further proceedings be had on the order to show cause.
WRIT ISSUED.
ZEHMER, C.J., and MINER and WOLF, JJ., concur.