GARDINER, ANA I., Associate Judge.
Appellant, Robert Rodriguez, appeals from a Final Judgment adjudicating him guilty of the crimes of Burglary of a Dwelling and Grand Theft. Appellant maintains, in Point I on appeal, that the trial court erred in denying him a right to present closing argument. In Point II on appeal, Appellant argues that the trial court erred in allowing him to represent himself in violation of his Sixth amendment right to counsel. In Point III on appeal, Appellant argues that the trial court erred in accepting his written waiver of jury trial without finding that the waiver was made voluntarily, with knowledge and understanding. In Point IV on appeal, Appellant argues that the trial court erred in assuming the role of prosecutor and denying Appellant the right to trial by a neutral and detached fact finder. In Point V on Appeal, Appellant argues that the trial court erred in finding him guilty of Burglary without the State presenting legally sufficient evidence of criminal intent.
This court finds that there is no merit to Appellant’s arguments on Points II, III, IV, and V. As to Points II and III, the record clearly reflects that the trial court took every step necessary and specifically discussed with Appellant his right to counsel and his light to trial by jury. The court questioned Appellant at length to ensure that he was knowingly and voluntarily waiving his right to counsel and a jury trial. In fact, the record reflects that Appellant knowingly and voluntarily waived both of these rights.
As to Point IV, the record shows that on approximately three (3) occasions the court interjected questions. The court’s questions were clearly in the nature of clarifying testimony. At no time did the court ask questions or make comments in an attempt to supply essential elements to the State’s case, or enter orders, sua sponte, to produce evidence that the State itself never sought to offer. In conclusion, the record does not support Appellant’s contention that the trial court assumed the role of prosecutor and deprived him of the right to a neutral and detached fact finder.
As to Point V, the element of intent necessary to prove a burglary can be satisfied by showing proof of entry, stealth and lack of consent. See State v. Waters, 436 So.2d 66, 70 (Fla.1983). The *742 evidence, at trial, was that Appellant entered his girlfriend’s house when he knew she was out of town and while knowing that he was not supposed to be in her apartment. Also, the evidence at trial was that Appellant was never given permission to enter her apartment while she was out of town and that he was not given permission to take her cat. An independent witness testified that she saw Appellant pull up to the girlfriend’s house in a truck, walk inside the apartment in a rushed manner and about two minutes later the witness saw Appellant walk out with a cat, shove the cat into the truck and drive away in a hurried manner, squealing his tires. In conclusion, the record clearly shows that intent was established by evidence of entry, lack of consent and stealth.
On Point I, Appellant argues that the court erred in denying his request to present a closing argument. Appellant is correct in his assertion that pursuant to the Sixth Amendment, the United States Supreme Court and Florida courts, a defendant has the right to present closing argument, regardless of the length of the proceedings or apparent simplicity of the issues presented. Herring v. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975); Chalk v. State, 443 So.2d 421 (Fla. 2d DCA 1984). A defendant who chooses to represent himself is expected and required to follow all rules of procedure as though he was represented by counsel. The fact that a pro se defendant testifies in a narrative fashion or is questioned by the court, for purposes of clarification of his testimony, does not obviate or do away with the pro se defendant’s right to present closing argument on the evidence or to present case law to the court. Such argument or presentation of case law is not permissible during the defendant’s testimony. The court cannot assume that by a pro se defendant testifying in a narrative fashion, he or she has had the opportunity to convince the court by argument of his position or correct a premature misjudgment. Appellant was denied his due process constitutional right to present closing argument and therefore, we reverse and remand for a new trial.
POLEN and SHAHOOD, JJ., concur.