789 So.2d 453 (2001)
C. Elvin FELTNER, Jr., Appellant,
v.
COLUMBIA PICTURES TELEVISION, INC., Appellee.
No. 4D00-662.
District Court of Appeal of Florida, Fourth District.
June 27, 2001.
*454 Paul R. Golis of Paul R. Golis, P.A., Boca Raton, for appellant.
Charles M.P. George of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Miami, for appellee.
TAYLOR, J.
C. Elvin Feltner appeals an order adjudicating him guilty of indirect criminal contempt. We reverse because the trial court erred in not allowing appellant's counsel to make a closing argument at the close of the contempt hearing.
Appellant's company, Krypton International Corporation (Krypton), owns three television stations. The contempt order at issue resulted from litigation by appellee, Columbia Pictures Television, Inc. (Columbia), to satisfy an $8.8 million judgment against appellant for copyright infringement and breach of contract. Appellee had obtained the judgment in a California federal district court and domesticated the judgment in Florida. While appellant's appeal of the judgment was pending in the Ninth Circuit Court of Appeals and the United States Supreme Court, the parties agreed to stay execution of the judgment and entered into a stipulation which gave Columbia a security interest in several thousand movies, films, television programs and videos that appellant had stored in a local warehouse. Columbia later filed motions to enforce the stipulation and impose sanctions against appellant. The trial court ordered appellant not to transfer, sell, or remove his "film libraries" without court order.
One week after the judgment was reversed by the United States Supreme Court,[1] appellant entered into an agreement with Cresbury Screen Entertainment (Cresbury) for the sale of the film libraries. Upon motion by Columbia, the trial court directed appellant to show cause why he should not be held in criminal contempt for violating the court's orders prohibiting removal of the film libraries and for violating several discovery orders. At the contempt hearing, lead counsel for Columbia testified about the Cresbury transaction and appellant's failure to produce requested credit card statements and bank records. The trial court overruled appellant's objection to allowing Columbia's counsel to testify as Columbia's main witness and simultaneously act as lead counsel at the hearing.
After testimony of all the witnesses at the contempt hearing, the court announced that it intended to dispense with closing argument, despite appellant's objection:

*455 Okay. Look, in view of the hour, I'm going to dispense with closing argument. I understand he's entitled to a full panel of his rights, but I don't know that there's any right to make a closing argument and if I'm wrong, I'm wrong.
Thereafter, the court found appellant in contempt for violating court orders forbidding the sale of the film libraries and requiring him to produce certain documents. He was sentenced to five months and twenty-nine days in the Palm Beach County Detention Center.
We agree with appellant that the trial court violated his right to due process by denying him the opportunity to present closing argument in this indirect criminal contempt proceeding. Because criminal contempt is "a crime in the ordinary sense," a contemnor must be afforded the same constitutional due process protections afforded to criminal defendants. Parisi v. Broward County, 769 So.2d 359, 364 (Fla.2000)(citing Int'l. Union, United Mine Workers v. Bagwell, 512 U.S. 821, 826, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994)).
In Rodriguez v. State, 770 So.2d 740 (Fla. 4th DCA 2000), we reversed a defendant's burglary and theft conviction because the trial court denied the pro se defendant's request to present a closing argument in his non-jury trial. We held that the Sixth and Fourteenth Amendments guarantee a defendant the right to present closing argument, regardless of the length of the proceedings or apparent simplicity of the issues presented. Id. at 742 (citing Herring v. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975) and Chalk v. State, 443 So.2d 421 (Fla.2d DCA 1984)). As the Herring court observed, "the overwhelming weight of authority, in both federal and state courts, holds that a total denial of the opportunity for final argument in a nonjury criminal trial is a denial of the basic right of the accused to make his defense." 422 U.S. at 859, 95 S.Ct. 2550. The Court went on to explain that:
[C]losing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective versions of the case as a whole. Only then can they argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions. And for the defense, closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt.
Id. at 862, 95 S.Ct. 2550.
Because the trial court erred in not giving appellant an opportunity to present a closing argument, we reverse and remand for a new trial. Our reversal renders the remaining issues on appeal moot.
REVERSED and REMANDED.
POLEN and GROSS, JJ., concur.
NOTES
[1] Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998).