804 So.2d 412 (2001)
William TIDE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4041.
District Court of Appeal of Florida, Fourth District.
October 3, 2001.
*413 Fay E. Ryan of Fay Ryan, P.A., North Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant, William Tide, appeals an order adjudicating him guilty of indirect criminal contempt for violating an injunction for protection against repeat violence. We reverse because the trial court impermissibly shifted the burden of proof when entering that order.
A circuit court judge entered the injunction at issue which, inter alia, prohibited appellant from indirectly contacting Thomas Karras. That same judge then issued an order to show cause, pursuant to Florida Rule of Criminal Procedure 3.840, containing allegations that appellant violated the injunction by indirectly contacting Karras through a third party. At the hearing to show cause, the judge explained "[t]he essence of the proceeding today is giving the defendant an opportunity to present to the court a reason why he should not be held in contempt of court for violating the final judgment of injunction." This explanation of the proceeding properly tracked the language in rule 3.840(a). However, the judge continued, "[i]n fact, the directive of the order to show cause is really placing, in terms of who has the responsibility of going forward, on the shoulders of the respondent [appellant]."
While this latter comment appears to be a natural implication of rule 3.840(a)'s language, such an implication runs afoul of fundamental due process considerations. "Because criminal contempt is `a crime in the ordinary sense,' a contemnor must be afforded the same constitutional due process protections afforded to criminal defendants." Feltner v. Columbia Pictures Television, Inc., 789 So.2d 453, 455 (Fla. 4th DCA 2001); accord Int'l Union, United Mine Workers v. Bagwell, 512 U.S. 821, 826, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994). Thus, to prove indirect criminal contempt, "there must be proof beyond a reasonable doubt that the individual intended to disobey the court." Levine v. State, 650 So.2d 666, 668 (Fla. 4th DCA 1995); accord Bagwell, 512 U.S. at 826, 114 S.Ct. 2552. Because the judge in this case did not require proof of appellant's guilt beyond a reasonable doubt, instead placing the burden of going forward on appellant, appellant's due process rights were violated.
Appellant also claims that the trial court did not have subject matter jurisdiction to enter the contempt order because the circuit *414 court judge who originally entered the injunction had been temporarily reassigned to the county court. While the contempt order is captioned as a county court order and contains a county court case number, that is merely a clerical error. The judge was still a circuit court judge with the jurisdiction to enforce her previously issued injunction and signed the order as a circuit court judge. On remand, this clerical error should be corrected.
Finding appellant's other issue on appeal without merit, we reverse and remand for proceedings consistent with this opinion.
KLEIN and SHAHOOD, JJ., concur.