STONE, J.
We reverse Appellant’s conviction for indirect criminal contempt of court for violating an injunction that prohibited contact with her former husband, John McAtee (John). The procedure followed by the trial court erroneously placed the burden on Appellant to prove that she should not be held in contempt.
At an earlier hearing on John’s motion for contempt, the court took a sworn statement from John that resulted in an order to show cause to Appellant. The court also appointed counsel for Appellant. One month later, .at the hearing to show cause, the court determined that the defense would be heard first, since John had given his sworn statement at the motion hearing. This placed on Appellant the “onus” of overcoming the evidence presented at the earlier hearing. Appellant then testified to her version of the disputed facts. This procedure constitutes a denial of due process.
Criminal contempt is a crime, and one so charged must be afforded the due process protections afforded to all criminal defendants. Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977); Feltner v. Columbia Pictures Television, Inc., 789 So.2d 453, 455 (Fla. 4th DCA 2001). Rule 3.840, Florida Rules of Criminal Procedure, sets out the criminal contempt procedure. Under the rule, a court must issue and sign an order directed to the party charged with criminal contempt stating the essen *1246 tial facts constituting the contempt and requiring that party to appear before the court to show cause why he or she should not be held in contempt of court. Fla. R.Crim. P. 3.840(a).
This ease is essentially indistinguishable from Tide v. State, 804 So.2d 412 (Fla. 4th DCA 2001). In Tide, at a hearing to show cause, the trial court held that “the directive of the order to show cause is really placing, in terms of who has the responsibility of going forward, on the shoulders of the respondent [appellant].” Tide, 804 So.2d at 413. In reversing, we concluded that the court had impermissibly shifted the burden of proof to the defendant, violating his due process rights.- We recognized:
“Because criminal contempt is ‘a crime in the ordinary sense,’ a contemnor must be afforded the same constitutional due process protections afforded to criminal defendants.” Thus, to prove indirect criminal contempt, “there must be proof beyond a reasonable doubt that the individual intended to disobey the court.” Because the judge in this case did not require proof of appellant’s guilt beyond a reasonable doubt, instead placing the burden of going forward on appellant, appellant’s due process rights were violated.
Id. at 413 (citations omitted).
Here, as in Tide, the effect was to relieve the state of its burden to go forward with the evidence, thereby requiring the contemnor to prove his or her innocence. Accordingly, we reverse and remand for a new hearing.
GUNTHER and STEVENSON, JJ., concur.