SHEPHERD, J.,
concurring in part, and dissenting in part.
I agree that Defendant’s due process rights were violated in this case when his *136 counsel was not afforded an opportunity to present a closing argument. See Chalk v. State, 443 So.2d 421, 422 (Fla. 2d DCA 1984). As the United States Supreme Court has explained:
Some cases may appear to the trial judge to be simple-open and shut-at the close of the evidence. And surely in many such cases a closing argument will, in the words of Mr. Justice Jackson, be ‘likely to leave [a] judge just where it found him.’ But just as surely, there will be cases where closing argument may correct a premature misjudgment and avoid an otherwise erroneous verdict. And there is no certain way for a trial judge to identify accurately which cases these will be, until the judge has heard the closing summation of counsel.
Herring v. New York, 422 U.S. 853, 863, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975) (internal footnotes omitted). However, I respectfully dissent from the remainder of the majority opinion. A court cannot logically reverse and affirm a trial court order at the same time. That is precisely what the majority does in this case.