PER CURIAM.
Sheriff Morris Young of Gadsden County, Florida, who oversees the operation of the jail in that county, seeks a writ of prohibition to preclude the trial court from continuing indirect criminal contempt pro *5 ceedings brought against him by the state attorney, who asserts that the Sheriffs furlough program violates various bond orders entered by the circuit court. The State’s position is that the Sheriff is without legislative or inherent authority to grant furloughs, but may allow them if approved by a court pursuant to its inherent powers to do so. After the state attorney filed a petition seeking to hold the sheriff in indirect criminal contempt, the trial court issued an order to show cause. As permitted under Florida Rule of Criminal Procedure 3.840(b), the Sheriff moved to dismiss the order to show cause, and the trial court denied that motion.
The gist of the Sheriffs position is that the bond orders at issue are not sufficiently “clear and definite” to place the Sheriff on notice of what conduct is prohibited. As this Court has stated:
Indirect criminal contempt may be found for violation of a court order but the order must clearly and definitely advise the person of its command and direction. If no order has been violated, contempt can only be found if the conduct is calculated to embarrass, hinder, or obstruct the court in the administration of justice or calculated to lessen the court’s authority and dignity.
Eubanks v. Agner, 636 So.2d 596, 598 (Fla. 1st DCA 1994) (citing Justice v. State, 400 So.2d 1037, 1038 (Fla. 1st DCA 1981)). The Sheriff asserts that dismissal is required because he cannot be held in indirect criminal contempt of court because the bond orders do not specifically state that furloughs are not allowed.
At this early stage of the trial court proceedings, however, we find no basis to intervene. As was said in Eubanks, the remedy of “prohibition will lie ‘when a party is about to be cited for contempt on the basis of acts which could not constitute contempt of court.’ ” Id. at 597 (citations omitted). The allegations of the state attorney’s petition, if accepted as true, are sufficient to establish a basis for indirect contempt, proof of which is the State’s burden under the beyond a reasonable doubt standard. Tide v. State, 804 So.2d 412, 413 (Fla. 4th DCA 2001) (“to prove indirect criminal contempt, ‘there must be proof beyond a reasonable doubt that the individual intended to disobey the court.’ ”) (citing Levine v. State, 650 So.2d 666, 668 (Fla. 4th DCA 1995)). Whether the court orders at issue are sufficiently clear and that the Sheriff intentionally violated them are issues of proof for another day after the trial court has held a full evidentiary hearing and otherwise complied with due process under Rule 3.840. As such, we affirm the trial court’s order only to the extent it finds a basis for the State to pursue its case, and remand to that court for further proceedings.
PETITION DENIED.
ROWE, MARSTILLER, and MAKAR, JJ., concur.