PER CURIAM.
This is an appeal by the mother from a post-judgment order, denying her one paragraph motion to clarify the authority of two psychologists “to make determinations concerning issues of visitation.” Because the trial court’s action was reasonable, given the hereinafter described circumstances, we affirm. Nevertheless, we believe it necessary to remand because the best interests of the children seem to be in limbo.
During the dissolution of the parties’ marriage, they had to come to rely upon the judgment of two psychologists. The order now being appealed recites the history:
On March 18, 1996 the parties agreed in Court that Drs. Steven Alexander and Sheila King:
will reach consensus of those [visitation] issues with the view that what is going to be accomplished is normalized visitation with the Husband, which is to say they’re going to work toward unsupervised visitation.
On May 15, 1996 this Court entered its Order adopting that agreement as to visitation and that Order stated specifically: 3. The parties have agreed that this Court orders that Drs. Steven R. Alexander and Sheila R. King shall jointly determine all issues concerning visitation with the parties’ children (including primary residential custody), specifically including the scheduling of visitation, the supervision of visitation and any geographical restrictions. The parties shall be bound by those mutually agreed upon determinations made by Drs. Alexander and King regarding the scheduling of visitation, the supervision of visitation and the geographical restrictions. Both parties shall cooperate with Drs. Alexander and King and make themselves and their children available to them when the doctors so request.
[[Image here]]
4. The aforementioned doctors shall provide written reports to the parties and this Court with respect to their recommendations concerning the Husband’s visitation and geographical restrictions with the children. When the aforementioned doctors have made their final determination, thereby concluding their work in this matter, they shall issue a final report. This report shall be delivered to the Court so the Court may enter a formal Order. Until such time as the aforementioned doctors issue a final report, the parties will abide by the terms of preliminary reports issued for purposes of visitation and geographic restrictions.
On May 23, 1996, this Court’s Final Judgment of Dissolution of Marriage was entered and contained in part the following language:
6. The parties appeared before the Court on March 18, 1996 and announced that they had reached an agreement with respect to the issues of primary residential care, shared parental responsibility, and visitation regarding their three minor children. This agreement was read into the record. The Wife shall have primary residential custody of the children, and the Husband shall have visitation with the children as agreed and set forth in the separate Order on the agreement [Order of May 15,196], which the Court has recently entered and which the parties shall comply with in all respects.
Subsequently, the mother filed a sparse pleading in which there was nothing said as to the best interests of the children. Little time was reserved -by counsel for the trial court to hear her motion. At the brief hearing, both parties’ lawyers were finally agree *83 able to the trial court’s introduction of the psychologists’ post-judgment written reports only “on evidence of the recommendations that had been made” with respect to visitation. Their depositions were introduced by the father without objection by the mother.
The only changes in the recommended visitation with the father from the ultra specific, very lengthy determinations of visitation in 1996, were from Wednesday after school to Thursday overnight for the father, from supervised to unsupervised and from geographically restricted to unrestricted.
The report attached to the appealed order says:
Despite the difficulties faced, the visitation has been normalized and it has been determined that there is no need for supervision or monitoring during the father’s visitation and no need to maintain the geographic restriction on either parent. While each parent presents a contrasting view of the children’s reactions to the other parent and the source of the almost daily problems that exist between the adults, it is clear that there is no reason to have any restrictions on the children’s access to their father. It is recommended that the father’s visitation be every other weekend beginning at the end of school on Friday, lasting until the beginning of school on Monday. The father shall provide transportation to and from school on his weekend visitations. Weekday visitation with the father should be every Thursday from the end of school until the beginning of school on Friday, with the father providing the transportation.
Unfortunately, the children are not attending their counseling sessions with Dr. King because Ms. Cummings initially would not allow it, and now states through her attorney she cannot afford her portion of the fee. However, the mother has recruited a psychiatrist unfamiliar with the long history of this case who nonetheless is attempting to provide the therapy services and decisions specifically placed upon us in the Order. As a result, Dr. King and I will take no farther action pending further instruction of the Court. In addition to making our report to the Court, we are requesting clarification to the parents as to our present responsibilities.
The trial court order says:
Attached hereto is a copy of Dr. Steven Alexanders [sic] report dated April 4,1997. It is thereupon
ORDERED AND ADJUDGED that Husband’s visitation shall be every other weekend- commencing May BO, 1997 beginning at the end of school on Friday, lasting until the beginning of school the following Monday. It shall be the Former Husband’s responsibility to provide transportation to and from school on those weekend visitations. Former Husband’s weekday visitation shall be every Thursday, commencing May 29, 1997 from the end of school until the beginning of school on the following day, with the Former Husband providing transportation those days as well.
At no time has the mother alleged here that the trial court’s order is not in the best interests of the children. Instead, she now relies upon this court’s decision in Lane v. Lane, 599 So.2d 218 (Fla. 4th DCA 1992), arguing it compels reversal as the trial court, in effect, delegated its duty to the experts, without hearing testimonial evidence from them or anyone else.
Lane was an action to domesticate a foreign judgment of dissolution. There, the trial court severely limited the father’s visitation and completely disregarded the agreement of the parties and the experts’ opinions. This court reversed, saying an evidentiary hearing was necessary. Here, the mother led the trial court to believe it could consider the reports as recommendations, without its being asked to hear testimonial evidence.
The mother attempted to set the table at the trial level by her one paragraph motion and notice of a non-evidentiary hearing. She is free to re-set it by whatever appropriate motions and evidentiary hearings may be needed if the best interests of the children are so served by same. We remand so that either or both may seek the trial court’s assistance.
It may be that the visitation agreement involving the two psychologists is or is no longer in the children’s best interests be *84 cause the mother has not taken the children to see either of them, notwithstanding their previous complete familiarity with the parties and children. Instead, the mother has opted to take the children to a new expert — a psychiatrist.
The appendices reflect both parties’ actions to be fractious, disputatious and uncompromising, thus creating an intolerable situation for the children. The mother seems determined to limit the visitations and the father seems determined to expand them.
One thing is certain — the trial court can capably resolve the matter if fully informed as to the best interests of the children. If the parties will declare an armistice and the lawyers will seek to douse the 'emotional cauldron, the trial judge may be able to see that these children receive the best each parent can give to them. The children are entitled to the best from both. The parties are directed, on remand, to provide the trial court the opportunity to determine, at this time, what is best for the children if the parties, as adults, cannot agree.
GLICKSTEIN and SHAHOOD, JJ., concur.
FARMER, J., concurs in affirmance only.