COVINGTON, Judge.
Judy L. Hoffman is appealing the trial court’s order finding her in violation of an injunction for protection. Ms. Hoffman received a suspended sentence of ten days in county jail. She argues that the evidence presented was insufficient to prove the violations. Because we agree that the State did not sufficiently prove the allegations against her, we reverse Ms. Hoffman’s judgment and sentence.
On May 3, 2001, the trial court entered a final judgment of injunction precluding Ms. Hoffman from engaging in certain behavior. Under the terms of the injunction, Ms. Hoffman was not to “directly or indirectly contact [Ms. Duke[1]] in person, by mail, e-mail, fax, telephone, through another person, or in any other manner.” Additionally, Ms. Hoffman was ordered not to come within 500 feet of Ms. Duke’s residence or Ms. Duke’s child’s daycare.
Ms. Duke alleged that Ms. Hoffman violated the injunction for protection on several occasions. In its written order, the trial court found that two of the allegations were proven. The first allegation was that Ms. Hoffman violated the injunction by sending Ms. Duke cards.[2] Ms. Duke also submitted that Ms. Hoffman violated the injunction by coming within 500 feet of her child’s daycare.
First, Ms. Hoffman argues that the evidence was insufficient to prove that she violated the injunction for protection by sending cards to Ms. Duke. The only testimony regarding the cards allegedly sent to Ms. Duke occurred during Ms. Duke’s cross-examination. She testified that the cards were not sent to her; rather, they were addressed either to Ms. Hoffman’s *897 son or to her ex-husband. Ms. Duke testified that she read the cards when she opened the ex-husband’s mail. The injunction does not prohibit Ms. Hoffman from sending cards to either her ex-husband or her son. Thus, we conclude that the evidence presented did not prove that Ms. Hoffman violated the injunction by sending the cards.
Next, Ms. Hoffman argues that the trial court erred when it found her in violation of the injunction for coming within 500 feet of her child’s daycare. Ms. Duke testified that when she dropped Ms. Hoffman’s child off at his daycare, Ms. Hoffman was across the street at a carwash. Ms. Duke presented the only testimony regarding the location of the carwash. During direct examination, she stated that Ms. Hoffman “went right across the street and sat there flicking me off and smiling at me.” During cross-examination, she testified that Ms. Hoffman “was across the street at the carwash. It’s directly across the street.”
“[T]o prove indirect criminal contempt, ‘there must be proof beyond a rea-, sonable doubt that the individual intended to disobey the court.’ ” Tide v. State, 804 So.2d 412, 413 (Fla. 4th DCA 2001) (quoting Levine v. State, 650 So.2d 666, 668 (Fla. 4th DCA 1995)). It appears that the trial court assumed, or inferred, that the carwash was within 500 feet of the daycare. While it may appear obvious that the carwash was within 500 feet of the daycare, we cannot be certain of this fact. The State is required to ‘“prove every essential element of the crime charged’ by proof beyond a reasonable doubt.” Cordova v. State, 675 So.2d 632 (Fla. 3d DCA 1996) (quoting Purifoy v. State, 359 So.2d 446, 449 (Fla.1978)) (citation omitted).
Here, the State did not sufficiently prove that the carwash was within 500 feet of the daycare. The only testimony with regard to distance was Ms. Duke’s testimony that the carwash was “directly across the street.” We conclude that this was insufficient to prove a violation beyond a reasonable doubt. Therefore, we reverse Ms. Hoffman’s judgment and sentence.
Reversed.
WHATLEY and STRINGER, JJ., Concur.

. Ms. Duke lives with Ms. Hoffman's ex-husband and Ms. Hoffman’s son.

. Although the trial court orally announced that this allegation had not been proven, its written order found that Ms. Hoffman had violated this provision of the injunction.