853 So.2d 595 (2003)
Charles HAGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-4075.
District Court of Appeal of Florida, Fifth District.
September 5, 2003.
*596 James B. Gibson, Public Defender, and Joseph A. Palmer, Assistant Public Defender, DeLand, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Hagan appeals his conviction for indirect criminal contempt. Because we conclude that Hagan's due process rights were violated, we reverse.
In June 2001 the circuit court entered an Amended Final Order for Protection Against Repeat Violence against Hagan. Among other things, the injunction prohibited Hagan from having any direct or indirect contact with his next door neighbor, Tera Viola. It also prohibited "[Hagan's] conduct at any place where [Viola] frequents, including ... grocery stores." On June 8, 2002, Volusia County Sheriff's deputy Charles Dowell filed an affidavit against Hagan alleging that he violated the injunction by walking past Viola in the grocery store and making eye contact with her. The circuit court issued an order commanding Hagan to show cause why he should not be held in contempt for violation of the injunction "by commission of the acts alleged in the attached affidavit."
Hagan alleges that "a court reporter was not present and there is no transcript of the hearing." The state conceded at oral argument that the hearing was not transcribed. The court minutes indicate that the court heard testimony from Viola, Hagan and Hagan's mother. The court found Hagan in contempt and sentenced him to 30 days in jail, credit for eight days time served with the remaining time suspended. There is no written contempt order but the court action form, which states: "Found in contempt of court / adj guilty / 30 days jail w/ credit for time served / suspend balance / release from custody to PTS pending further review of misdemeanor charges by SAO / no contact w/ victim," was signed by the judge.
Hagan filed a petition for belated appeal which this court granted. Attached to the petition is an affidavit by Hagan further alleging that he could not afford, was not offered, and did not have, an attorney at the contempt hearing nor was he advised of his right to appeal the conviction. On appeal, Hagan raises several due process arguments, four of which merit discussion below. Before reaching those arguments, we will dispose of the state's mootness argument.

*597 Mootness
Generally, an issue is moot when the "controversy has been so fully resolved that a judicial determination can have no actual effect." Godwin v. State, 593 So.2d 211, 212 (Fla.1992). Florida courts recognize at least three instances in which an otherwise moot case will not be dismissed: (1) when the questions raised are of great public importance, or (2) are likely to recur; or (3) if collateral legal consequences that affect the rights of a party flow from the issue to be determined. Id.
The state cites cases in which appeals challenging the legality of a defendant's sentence were dismissed as moot because he had completed that sentence. See Edwards v. State, 765 So.2d 222 (Fla. 2d DCA 2000). The instant case is distinguishable because Hagan is not challenging the legality of his sentence. Instead, he challenges the legality of his conviction based on due process grounds.
In Lamb v. State, 526 So.2d 998 (Fla. 1st DCA 1988), the defendant challenged the legality of his conviction, rather than his sentence. The appellate court held that the appeal was not moot even though the defendant had completed his sentence because the "possibility of removing the stigma of a conviction represents a significant practical purpose demonstrating the continuing viability of the appeal." Id. In Blalock v. Rice, 707 So.2d 738 (Fla. 2d DCA 1997), the defendant challenged her confinement for indirect criminal contempt by petition for writ of habeas corpus. After the appellate court ordered the state to respond to the petition, the lower court vacated its judgment and sentence and ordered the defendant to be released immediately. The appellate court rejected the state's argument that the appeal had become moot due to the defendant's release. It found that the numerous errors committed by the lower court, including an insufficient notice of arraignment, failure to have the contempt hearing transcribed and imposition of an excessive sentence, were capable of repetition and thus, not moot.
Similarly, in the instant case, Hagan attacks the legality of his conviction and has an interest in removing its stigma from his record. In addition, the alleged errors in this case are similar to those noted in Blalock, and are apparently capable of repetition. Therefore, his appeal is not moot.

The Sufficiency of the Affidavit
Hagan argues that the police affidavit was insufficient because it was not based upon personal knowledge. Florida Rule of Criminal Procedure 3.840(a) requires an affidavit of "any person having knowledge of the facts." In the instant case, the affidavit is signed by the investigating officer, not Viola. There was no sworn victim statement attached to the police report. The affidavit does not allege that the officer personally observed the events alleged. It was hearsay. Such failure to strictly follow the dictates of Rule 3.840 constitutes fundamental, reversible error. Mix v. State, 827 So.2d 397 (Fla. 2d DCA 2002); Giles v. Renew, 639 So.2d 701, 702 (Fla. 2d DCA 1994).

Lack of Hearing Transcript
Hagan argues that the circuit court reversibly erred by failing to have the contempt hearing transcribed by a court reporter. Florida Rule of Judicial Administration 2.070(b) requires that all criminal proceedings shall be reported at public expense to provide for meaningful appellate review of convictions. Numerous cases hold that this rule requires trial courts to ensure that a record is made of criminal contempt proceedings. See Gidden v. State, 613 So.2d 457 (Fla.1993); Thomas v. State, 828 So.2d 456 (Fla. 4th DCA 2002); Cole v. State, 714 So.2d 479 (Fla. 2d DCA 1998); Blalock, 707 So.2d at *598 740. "While automatic reversal because of a lack of record may not be required in every instance, facially sufficient claims on plenary appeal from an adjudication of contempt ... which cannot be refuted by the record will invariably mandate vacation of the judgments." Blalock at 740.
In the instant case, the circuit court's failure to have the contempt hearing transcribed makes it impossible to refute Hagan's other due process arguments. The state does not dispute Hagan's factual allegations. Instead, it argues that Hagan has the burden of ensuring that the record is prepared and transmitted. In light of the authorities cited above, the state's argument is meritless.

Lack of Arraignment
Hagan alleges that he was not arraigned or otherwise advised of the charges against him. Arraignment and notice of the charges are required in indirect criminal contempt proceedings. See Fla. R.Crim. P. 3.840(d); Gidden, 613 So.2d at 460. Although Hagan may be arraigned at the contempt hearing, it is impossible to determine if Hagan was arraigned in this case without a hearing transcript. Blalock.

Failure to Provide Counsel
Hagan alleges that he could not afford, and was neither offered nor provided counsel at the contempt hearing. As the state acknowledges, Hagan was entitled to be represented by counsel. See Fla. R.Crim. P. 3.840(d); Gidden at 460. It suggests that Hagan may have been offered counsel and declined the offer, but concedes that without a transcript of the hearing, it is impossible to determine what happened. Blalock.

Insufficient Order
Hagan argues that the lower court failed to enter a written order with fact findings as required by Rule 3.840(f). Although this rule requires "a recital of the facts constituting the contempt of which the defendant has been found and adjudicated guilty," a written order is not necessary if sufficient oral findings are made on the record. Gidden, 613 So.2d at 458.
In the instant case, there is no written order. There is a court action form signed by the judge but it does not contain fact findings. Because there is no hearing transcript, it is impossible to determine if the lower court made sufficient oral findings. See Blalock, 707 So.2d at 741.

Conclusion
We reverse Hagan's conviction because the circuit court proceeded on an insufficient affidavit, failed to ensure an adequate record of the contempt hearing and failed to make sufficient fact findings. Our reversal is without prejudice to new proceedings being initiated in conformity with Rule 3.840. Mix v. State.
REVERSED AND REMANDED.
SAWAYA, C.J., and SHARP, W., J., concur.