861 So.2d 1210 (2003)
Allie Louis CONE, III, Appellant,
v.
Teresa Cone GILLSON, Appellee.
No. 2D02-2394.
District Court of Appeal of Florida, Second District.
December 10, 2003.
Mark G. Rodriguez of Mark G. Rodriguez, P.A., Tampa, for Appellant.
R. Ray Brooks of R. Ray Brooks, P.A., Tampa, for Appellee.
FULMER, Judge.
Allie Louis Cone, III, the Former Husband, appeals an order finding him guilty of indirect criminal contempt for failing to make payments required of him in a final judgment of dissolution of marriage. We reverse.
The order to show cause that was issued to initiate the indirect criminal contempt proceeding fails to comply with Florida Rule of Criminal Procedure 3.840 in that it was based on an unsworn motion filed by Teresa Cone Gillson, the Former Wife, which alleged that the Former Husband had failed to make payments due on alimony, attorney's fees, and equitable distribution awards. And, while it appears that the trial court also considered a sworn affidavit previously filed by the Former Wife, that affidavit addressed only the Former Husband's failure to pay sums of money awarded to the Former Wife as equitable distribution of the parties' assets and liabilities. In supplemental briefing, both parties acknowledge that a trial court is without authority to enforce equitable distribution awards by contempt. See Kadanec v. Kadanec, 765 So.2d 884 (Fla. 2d DCA 2000); Montanez v. Montanez, 697 So.2d 184 (Fla.2d DCA 1997).
Because a trial court's failure to comply with the procedural requirements of rule 3.840 is fundamental error, we reverse. *1211 See Hagerman v. Hagerman, 751 So.2d 152 (Fla. 2d DCA 2000). However, we note that while our reversal renders moot the other issues raised on appeal, it does not relieve the Former Husband of his obligations under the final judgment of dissolution.
Reversed and remanded.
SALCINES and VILLANTI, JJ., concur.