NORTHCUTT, Judge.
The circuit court convicted Michael Sra-mek of indirect criminal contempt. We reverse because the order to show cause was not based on a proper affidavit.
The prosecution of indirect criminal contempt is governed by Florida Rule of Criminal Procedure 3.840. Florida courts have held that failure to strictly follow the dictates of that rule is fundamental error. See Cone v. Gillson, 861 So.2d 1210 (Fla. 2d DCA 2003); Mix v. State, 827 So.2d 397, 399 (Fla. 2d DCA 2002); Hunt v. State, 659 So.2d 363, 364 (Fla. 1st DCA 1995). Moreover, the fact that a defendant has already served his sentence does not render his appeal moot. Hagan v. State, 853 So.2d 595, 597 (Fla. 5th DCA 2003).
Rule 3.840(a) states:
Order to Show Cause. The judge, on the judge’s own motion or on affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring the defendant to appear before the court to show cause why the defendant should not be held in contempt of court.
(Emphasis supplied.) Many cases hold that a conviction for indirect criminal contempt must be reversed where there has been a defect in the affidavit supporting the show cause order. See Mix, 827 So.2d at 399 (reversing an adjudication for indirect criminal contempt because the basis of the order to show cause was an unsworn motion); Proctor v. State, 764 So.2d 752, 753 (Fla. 2d DCA 2000) (same); Hill v. State, 643 So.2d 1178 (Fla. 2d DCA 1994) (finding fundamental error where the affidavit in support of the order to show cause failed to state facts supporting contempt); Giles v. Renew, 639 So.2d 701, 702-03 (1994) (same); Hunt, 659 So.2d at 364 (reversing order of indirect criminal contempt when the show cause order was supported by an unsworn police report).
In this case, an injunction for protection had been entered against Sramek on November 10, 2004. The injunction prohibited him from contacting the victim either directly or indirectly. Later that month, the victim informed the Avon Park Police Department that Sramek had been leaving voice mail .messages on her telephone. She played the messages for two officers and told them that she recognized the voice as Sramek’s. A friend who also knew Sramek confirmed the identification. Based on this information, the officers filed affidavits asserting that Sramek had violated the injunction. These, in turn, were the bases for the order to show cause why *1237 Sramek should not be held in indirect criminal contempt.
Hagan, 853 So.2d at 597, specifically-addressed the rule 3.840(a) requirement that the affidavit in support of the show cause order must be made by a “person having knowledge of the facts.” The affidavit in that case was signed by the investigating officer, not the victim. The Hagan court held that the affidavit was hearsay and that this failure to strictly follow the dictates of rule 3.840 was fundamental error. It reversed Hagan’s indirect criminal contempt conviction. Id.
The Hagan facts mirror the facts in this case. The affidavits filed in support of the order to show cause were not based on the officers’ personal knowledge of the facts, nor did the victim provide a sworn statement. Accordingly, we hold that the failure to abide by rule 3.840 was fundamental error, and we reverse Sramek’s conviction.
Reversed.
DAVIS and CANADY, JJ„ Concur.