FARMER, J.
 

 In the ongoing post judgment proceedings marking this case,
 
 [1]
 
 we are now asked to decide whether the remedy of contempt
 
 *289
 
 was properly denied on the basis that payments required by the final judgment were not in the nature of support. In
 
 Cummings v. Cummings,
 
 685 So.2d 101 (Fla. 4th DCA 1997), we had directed the trial Judge to determine two things: what portion of a purge amount was necessary for support, and his current ability to pay such amount. An order prepared by the judge who signed the final judgment clarified that the first two of the three payments labeled “equitable distribution” were really meant as support:
 

 “Without question, the [court] intended the first two lump sum equitable distribution payments ... to be considered as, and used for, post-dissolution support of [Wife] and children.... Each of those payments constitutes support. The third payment of $2,108,049 due July 15, 1998 was not necessary for support of [Wife] and children.
 

 “The clarification set forth above is based solely on the evidence presented at trial and findings made in the [final judgment]. This order changes nothing that was decided when the [final judgment] was executed.... This order is issued solely to clarify [this court’s] intention that a large portion of the equitable distribution payable by [Husband] to [Wife] was to be used for support of [Wife] and children post-dissolution, as detailed in preceding paragraph.
 

 He appealed the clarification, which we affirmed without comment.
 
 [2]
 

 After the conclusion of his federal bankruptcy case, she again moved to hold him in contempt for failing to make the two support payments.
 
 [3]
 
 She asked that a purge in the amount of $2 million be set by the court. The case was then assigned to a successor judge.
 

 At the evidentiary hearing on her motion, the court had evidence and testimony regarding his finances. He rents a furnished apartment, does not own a car, and travels when he has enough frequent flyer miles. He works as a real estate broker. According to his 2008 financial affidavit and testimony he claims a net monthly income of $9,733, monthly expenses of $13,359, making a $3,626 deficit. He claimed $411,109 in assets and more than $10 million in liabilities.
 
 [4]
 
 He stated that he does not have $8 million to pay support. In several instances his family paid support payments to her on his behalf and his attorney fees in these post judgment proceedings.
 

 A final order denied her motion for contempt. The court found him unable to pay the $2 million purge she sought. The court noted that any presumption of ability to pay that amount from the final judgment was dispelled by his surrender of assets to the Bankruptcy Trustee. The order rejected her argument that he could be found able to pay on the basis of the considerable assets of his family and their past willingness to make payments on his behalf. Despite the fact that his father and brother paid some child support payments and attorney’s fees on his behalf, the court found that such payments were not his to command. Instead of ascertaining a purge amount that he would be able to pay, however, the successor judge revisited the issue clarified by the previous order — that the first two payments were in the nature of support:
 

 “Despite the order entered by Judge Phillips stating the first two Equitable
 
 *290
 
 Distribution payments were ‘in the nature of support’ upon enquiry by the Bankruptcy judge, these payments are not alimony. Would six million dollars of alimony have been awarded for a nine year marriage? Particularly where the Wife was 38 years old, in good health and had a masters degree. It would be unfair to now turn the equitable distribution award into something it was not and thus denying his right to appeal.”
 

 On appeal she asks that we reverse the findings as to ability to pay, as well as the reconsidered holding that the required payments in question were not alimony and thus did not constitute support.
 

 We affirm the finding that he lacked the ability to pay a purge of $2 million as she requested because it is supported by substantial competent evidence. We reverse the holding that the two payments were not in the nature of support and the consequent denial of the remedy of contempt.
 

 Under Florida law it is necessary to understand the substance behind the terms
 
 alimony, support
 
 and
 
 equitable distribution
 
 in a final judgment dissolving marriage. The supreme court has explained: “[i]t is not what it is
 
 called
 
 but what it
 
 is
 
 that fixes its legal status. It is the
 
 substance
 
 and not the
 
 form
 
 which is controlling.”
 
 Underwood v. Underwood,
 
 64 So.2d 281, 288 (Fla.1953);
 
 Kidd v. Kidd,
 
 695 So.2d 439, 440 (Fla. 4th DCA 1997) (legal effect of clause awarding alimony, no matter what label is given, is determined not by what it is called but by what it does). If the substance of a provision requiring payment is found to be in the nature of support, rather than an exchange for a property interest, the failure to make the payment maybe enforced by the remedy of civil contempt.
 
 Pabian v. Pabian,
 
 480 So.2d 237, 238 (Fla. 4th DCA 1985);
 
 Zuccarello v. Zuccarello,
 
 429 So.2d 68 (Fla. 3d DCA 1983). It follows that payments not qualifying as alimony may still be in the nature of support.
 

 The issue decided in the clarification order was whether payments labeled as equitable distribution were actually consideration in exchange for a transfer of property interests.
 
 [5]
 
 But the judge at the contempt hearing reconsidered the prior determination and held that the payments did not constitute support. This reconsideration violates the law of the case doctrine. “All points of law which have been adjudicated become the law of the case and are, except in exceptional circumstances, no longer open for discussion or consideration in subsequent proceedings in the case.”
 
 Fla. Dep’t of Transp. v. Juliano,
 
 801 So.2d 101, 105-06 (Fla.2001). The court had directly and expressly held that the first two payments constituted support for her and the children, and that clarification order was affirmed on appeal. The substantive nature of the payments thereupon became the law of the case under Florida law.
 
 See Rosecan v. Springer,
 
 985 So.2d 607 (Fla. 4th DCA 2008) (holding that where the equitable distribution valuation contained in the original final judgment was not disturbed on appeal, the trial court erred in changing the equitable distribution scheme on remand).
 

 He argues that the clarification order was made solely to determine whether the debt was dischargeable in bankruptcy,
 
 *291
 
 hence that it is not binding on the contempt issue. We reject this argument because the federal court requested that it be made under Florida law, not the Bankruptcy Code. In fact that court held that the clarification order was binding in federal court under the law of the case doctrine.
 
 See In re Cummings,
 
 277 Fed.Appx. 946, 949 (11th Cir.2008) (“The bankruptcy court correctly found that it was barred by the ‘law of the case’ doctrine from independently determining to what extent the divorce court’s judgment was intended to be in the nature of support. ...”). We also reject his argument on appeal that the manifest injustice exception to the law of the case doctrine would be applicable in this case. There is nothing manifestly unjust about requiring him to comply with a final judgment whose benefits he has accepted.
 

 The issue is settled. The first two payments are support. He has failed to make these payments. Contempt is available to enforce compliance.
 

 The court’s finding that he lacks the ability to pay a purge amount of $2 million did not end the contempt issue. Because the payments constitute support, it was necessary to determine a purge amount he should be able to pay, or suffer further confinement. His most recent financial statement shows his
 
 net
 
 earnings at more than $116,000 per annum. It appears he does have an ability to pay some amount. In deciding the amount, the trial court should carefully assess whether his claimed expenses (net $13,359 monthly) are all both necessary and reasonable in light of his support obligations. The court may find that his support obligation requires that he simplify his lifestyle, forego some current expenditures, give up some assets. We are unaware of any reason why the purge amount may not be in periodic payments or a lump sum. On remand we direct the trial court to determine an appropriate form and amount of purge.
 

 Reversed and remanded with instructions.
 

 GROSS, C.J., and CIKLIN, JJ., concur.
 

 [1]
 

 . Since the 1996 final judgment dissolving the marriage, the parties have made several visits to this court. In some of them, an attempt at review was ended before a brief was filed. No. 96-2879, 96-3708, 96-3946, 96-4073, and 01-2852. We issued written opinions in
 
 Cummings v. Cummings,
 
 662 So.2d 769 (Fla. 4th DCA 1995);
 
 Cummings v. Cummings,
 
 685 So.2d 101 (Fla. 4th DCA 1997);
 
 Cummings v. Cummings,
 
 706 So.2d 81 (Fla. 4th DCA 1998);
 
 Cummings v. Cummings,
 
 719 So.2d 948 (Fla. 4th DCA 1998);
 
 Cummings v. Cummings,
 
 723 So.2d 898 (Fla. 4th DCA 1998); and
 
 Cummings v. Cummings,
 
 835 So.2d 1143 (Fla. 4th DCA 2002).
 

 [2]
 

 .
 
 Cummings v. Cummings,
 
 835 So.2d 1143 (Fla. 4th DCA 2002).
 

 [3]
 

 . He had paid part of the first payment.
 

 [4]
 

 . His claimed liabilities included the $8 million support debt at issue here.
 

 [5]
 

 .
 
 See Pipitone v. Pipitone,
 
 23 So.3d 131, 136 (Fla. 2d DCA 2009). When payments are given in exchange for property interests — equitable distribution being the usual term to describe them — they are not enforceable by contempt.
 
 Cone v. Gillson,
 
 861 So.2d 1210, 1210 (Fla. 2d DCA 2003). A payment due in exchange for a property interest may be enforced only by "the usual remedies available to a creditor against his debtor” but not by civil contempt.
 
 Howell
 
 v.
 
 Howell, 207
 
 So.2d 507, 510-12 (Fla. 2d DCA 1968).