KHOUZAM, Judge.
The Bank of New York (Bank) appeals the circuit court’s order imposing sanctions for contempt on the Bank as well as the Bank’s counsel following The Moorings at Edgewater Condominium Association’s (Association) motion for contempt and sanctions in this foreclosure case. We reverse and remand because the circuit court imposed sanctions for indirect criminal contempt without complying with the procedural requirements of Florida Rule of Criminal Procedure 3.840.
The Bank filed a foreclosure action on February 8, 2007, and the Association responded with its answer brief on February 20, 2007. The Bank filed its motion for summary judgment on August 27, 2008. A hearing on the motion for summary judgment was set for November 6, 2008, but was cancelled. On March 20, 2009, the Association filed a motion to compel. In its motion, the Association explained that Cynthia Jo Payton, the owner of the property in question, had been in default of the payment of special and quarterly assessments since January 2007. The assessments were continuing to accrue, and the Association was bearing the financial burden. The Bank had failed to conclude the case with a foreclosure sale, and this delay limited the amount of special and quarterly assessments that the Bank would have to pay if it acquired title to the property— which it likely would. See § 720.3085(2)(c), Fla. Stat. (2008). The Association argued that the court should compel the Bank to proceed with the foreclosure sale or pay the assessments due to the Association.
A hearing on the Association’s motion was held on September 24, 2009. The Bank’s counsel attended the hearing by phone. On May 29, 2009, the court granted the Association’s motion, finding that the Bank should either move forward with the case or pay the assessments due while the case remained pending. To that end, the court ordered the Bank to either conduct its summary judgment hearing before June 29, 2009, or show cause why it should not be ordered to pay the assessments.
Before the June 29 deadline, the Bank moved for rehearing and the Association objected. A hearing was held. On October 9, 2009, the court denied the Bank’s motion for rehearing, found that the Bank had failed to show cause why it had not complied with the May 29 order, and ordered the Bank or the Bank’s counsel to pay special and quarterly assessments due to the Association. The trial court ordered the Association to submit an affidavit addressing the amount due. On December 8, 2009, the Association filed the affidavit of the treasurer of the Association, who stated that the Bank owed the Association a total of $14,974 in assessments, which had accrued from April 1, 2007, to October 1, 2009.
On December 24, 2009, the Association demanded that the entire amount as stated in the affidavit be paid within ten days and threatened that it would file a motion for contempt if the Bank failed to pay. The Bank did not comply with the Association’s demand, and the Association moved for contempt and an award of sanctions on January 13, 2010. The Bank responded to the motion for contempt and moved for the October 9 order to be vacated.
The court heard the Association’s motion for contempt on March 2, 2010, but no transcript of the hearing was prepared. On March 10, 2010, the court heard the Bank’s motion for summary judgment and denied the motion. Then, on March 18, 2010, the trial court issued an order holding the Bank and the Bank’s counsel in contempt for failing to comply with the October 9 order; failing to attend previous hearings; and failing to attend the Sep *167 tember 24, 2009, hearing in person (the attorney had attended by phone). The court ordered the Bank and the Bank’s counsel to pay $13,394 in sanctions within sixty days. The Bank appealed.
 The contempt sanction imposed in this case is an indirect criminal contempt sanction. First, it is criminal as opposed to civil contempt because it does not contain a purge provision or aim to compensate the Association. Instead, the order imposes a monetary sanction on the Bank to be paid within sixty days without giving the Bank the ability to avoid paying the fine by complying with the court’s directives. Any “ ‘flat, unconditional fine’ totaling even as little as $50 announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance.” Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 829, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) (quoting Penfield Co. of Cal. v. SEC, 330 U.S. 585, 588, 67 S.Ct. 918, 91 L.Ed. 1117 (1947)). Further, the fine does not appear to be compensatory because the amount does not correspond to the amount owed to the Association and the court did not indicate in its order that the fine was meant to compensate the Association. See Parisi v. Broward Cnty., 769 So.2d 359, 363-64 (Fla.2000) (explaining that criminal contempt sanctions are meant to punish while civil contempt sanctions are meant to coerce compliance or compensate the injured party).
Second, the sanction constitutes indirect as opposed to direct criminal contempt. Direct criminal contempt sanctions are imposed for conduct that takes place in the judge’s presence while indirect criminal contempt sanctions are imposed for conduct that takes place outside the judge’s presence. Gidden v. State, 613 So.2d 457, 460 (Fla.1993). And an attorney’s failure to appear at a court proceeding is considered indirect criminal contempt. Lowe v. State, 468 So.2d 258, 258 (Fla. 2d DCA 1985); see also Fredericks v. Sturgis, 598 So.2d 94, 96 (Fla. 5th DCA 1992). Here, the sanction was based on the Bank’s failure to comply with the court’s order and failure to appear.
Because the contempt sanction in this case is an indirect criminal contempt sanction, the court was required to follow the procedure outlined in Florida Rule of Criminal Procedure 3.840 before imposing it. Under rule 3.840, the court must issue an order to show cause delineating the essential facts of the charged criminal contempt and directing the defendant to appear before the court. Fla. R.Crim. P. 3.840(a). The court must arraign the defendant, and a hearing must be held to determine the defendant’s guilt or innocence. Fla. R.Crim. P. 3.840(d). The defendant is entitled to representation, to testify on his own behalf, and to have witnesses subpoenaed to testify. Id. After hearing all issues of law and fact, the court must enter a judgment of guilty or not guilty. Fla. R.Crim. P. 3.840(d), (f). If the court finds the defendant guilty, the facts supporting the finding of contempt should be delineated in the judgment. Fla. R.Crim. P. 3.840(f). And finally, the defendant must be given the opportunity to show cause why he or she should not be sentenced and to present mitigating evidence before the court sentences him or her in open court. Fla. R.Crim. P. 3.840(g).
Here, the court did not provide the necessary procedural safeguards provided by rule 3.840 before imposing indirect criminal sanctions on the Bank and the Bank’s attorney. Failure to comply with rule 3.840 constitutes reversible error. Van Hare v. Van Hare, 870 So.2d 125, 126 *168 (Fla. 4th DCA 2003). Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
KELLY and WALLACE, JJ., Concur.