NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BRET MAYO,                                      )
                                               )
          Appellant,                           )
                                               )
v.                                             )          Case No. 2D17-3140
                                               )
KERRY MAYO o/b/o M.O.M.,                        )
                                               )
          Appellee.                            )
_____)

Opinion filed December 7, 2018.

Appeal from the Circuit Court for Hendry
County; James D. Sloan, Judge.

Fred R. Kahle of The Kahle Law Firm, P.A.,
Labelle, for Appellant.

No appearance for Appellee.


BLACK, Judge.

          Bret Mayo appeals the order entered in circuit court Case No. 17-DR-180

finding him in indirect criminal contempt for violating the terms of an injunction.

Because the contempt proceedings did not comply with Florida Rule of Criminal

Procedure 3.840, we reverse.

          On May 15, 2017, Kerry Mayo filed a standard form "petition by affidavit

for order to show cause for a violation of final judgment of injunction" in circuit court

Case No. 17-DR-180.[1]  Mayo was not served with the petition.  On June 2 the court

issued a show cause order to Mayo, indicating the following:

> YOU ARE HEREBY ORDERED to appear before the
> Honorable JAMES D. SLOAN, CIRCUIT JUDGE, at the
> Hendry County Courthouse, Third Floor, LaBelle, Florida, on
> **Tuesday, June 20, 2017 at 2:00 p.m.,** to show cause why
> you should not be held in contempt of court for violation of
> the Final Judgment of Injunction for Protection in the above
> matter as stated in the Affidavit filed by the Petitioner, Kerry
> Mayo on May 15, 2017.

Ms. Mayo's petition was not attached to the order.  On June 4 Mayo, through counsel,

filed a response to the show cause order and alerted the court to the fact that Mayo had

not been served with the petition.  Mayo requested that Ms. Mayo be required to serve

him with the petition.  He also requested that the scheduled hearing be continued due to

counsel's unavailability and to allow counsel time to prepare a defense once the petition

was received.  The court did not act on Mayo's requests.

On June 19 Mayo's counsel filed a motion to withdraw, indicating that due

to a personal matter she could no longer represent him.  The following day, the day of

the scheduled hearing, counsel filed a stipulation to withdraw signed by Mayo which

indicated that he had decided to continue pro se.  Mayo appeared at the hearing on

June 20 without representation and without notice of the allegations against him.  At the

start of the hearing, the court announced the case and immediately directed Ms. Mayo

to call her first witness.  The court did not notify Mayo of his right to counsel, advise

Mayo of the allegations against him, or indicate whether Mayo was facing civil or

criminal contempt.  After Ms. Mayo's counsel finished questioning her first witness, the

_____

[1]Ms. Mayo did not participate in this appeal.

- 2 -

court asked Mayo if he had any questions for the witness. At that point Mayo requested a continuance, stating that he wished to be "afforded adequate legal representation." Mayo explained that he had contacted another attorney who had agreed to represent him in the matter but that the attorney had to be in court elsewhere that day. Ms. Mayo's counsel argued that Mayo's request was merely a delay tactic, citing his desire to proceed pro se in the stipulation to withdraw. Mayo's request was denied, and the hearing proceeded with Mayo acting without counsel. At the conclusion of the hearing, the court found Mayo to be in indirect criminal contempt, ordered him to undergo a psychiatric evaluation, and sentenced him to ten days in jail. Mayo was immediately taken into custody.[2] Mayo's amended emergency motion to set aside the contempt order and for rehearing, filed by newly-retained counsel while Mayo was in custody, was denied. In the order denying the motion, the court indicated that the stipulation for withdrawal of counsel was merely a delay tactic, as was Mayo's request for a continuance. The court also indicated that the evidentiary issues raised by Mayo's counsel in the motion lacked merit because Mayo failed to object during the hearing. This appeal followed.

"The prosecution of indirect criminal contempt is governed by Florida Rule of Criminal Procedure 3.840. Florida courts have held that failure to strictly follow the dictates of that rule is fundamental error." Sramek v. State, 946 So. 2d 1235, 1236 (Fla. 2d DCA 2007) (citing cases); see also Bray v. Rimes, 574 So. 2d 1114, 1116 (Fla. 2d

---

[2]This appeal is not rendered moot by the fact that Mayo has already served his sentence and has otherwise complied with the court's order. See Sramek v. State, 946 So. 2d 1235, 1236 (Fla. 2d DCA 2007) ("[T]he fact that a defendant has already served his sentence [for indirect criminal contempt] does not render his appeal moot." (citing Hagan v. State, 853 So. 2d 595, 597 (Fla. 5th DCA 2003))).

DCA 1990) ("Greater procedural due process safeguards are accorded when proceedings are for indirect criminal contempt." (citing Pugliese v. Pugliese, 347 So. 2d 422, 425 (Fla. 1977))).  With regard to the order to show cause, rule 3.840(a) provides, in part, as follows:

> The judge, on the judge's own motion or on affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring the defendant to appear before the court to show cause why the defendant should not be held in contempt of court.

The order to show cause was legally deficient in this case.  The order did not state the essential facts constituting the charged contempt, and the petition filed by Ms. Mayo was not attached to the order.  See Mix v. State, 827 So. 2d 397, 399 (Fla. 2d DCA 2002); Flanagan v. State, 840 So. 2d 379, 380 (Fla. 1st DCA 2003); cf. Brown v. State, 595 So. 2d 259, 260 (Fla. 2d DCA 1992) (holding that show cause order was sufficient because it incorporated and attached the former wife's sworn petition).  Nor did the order put Mayo on notice that he was facing criminal contempt.  See Smith v. State, 144 So. 3d 651, 655 (Fla. 2d DCA 2014); Bray, 574 So. 2d at 1116; Wendel v. Wendel, 958 So. 2d 1039, 1040 (Fla. 1st DCA 2007).  The contempt proceedings were fundamentally flawed from the start, and as such reversal is required due to these deficiencies even in the absence of an objection to the sufficiency of the show cause order by Mayo below. See Mix, 827 So. 2d at 399; see also Hagerman v. Hagerman, 751 So. 2d 152, 154 (Fla. 2d DCA 2000) ("[T]his and other courts have ruled that the failure to comply with rule 3.840 is fundamental error and no objection is required.").[3]

---

[3]Rule 3.840(a) also requires that a reasonable amount of time be provided between the service of the show cause order and the hearing to allow the defendant to

The court also failed to follow several other procedures set forth in rule 3.840. "The court must arraign the defendant, and . . . [t]he defendant is entitled to representation, to testify on his own behalf, and to have witnesses subpoenaed to testify." Bank of N.Y. as Trustee for the Certificateholders CWMBS, Inc., CHL Mortg. Pass–Through trust 2006–OA5 Mortg. Pass–Through Certificates, SERIES 2006–OA5 v. Moorings At Edgewater Condo. Ass'n, 79 So. 3d 164, 167 (Fla. 2d DCA 2012) (citing Fla. R. Crim. P. 3.840(d)). Although the stipulation for withdrawal of counsel did indicate that Mayo had decided to proceed pro se, the court failed to inform Mayo of his right to representation in the first instance. See Ensign v. State, 67 So. 3d 353, 354-55 (Fla. 2d DCA 2011) ("At the hearing on the order to show cause for indirect criminal contempt, the trial court failed to advise Ensign of his right to counsel and Ensign did not knowingly waive his right to counsel. The trial court erred in this regard."). Further, Mayo indicated to the court at his earliest opportunity during the hearing that he wished to be represented and that he had retained new counsel. Cf. Plank v. State, 190 So. 3d 594, 607 (Fla. 2016) ("Because this case involved indirect criminal contempt, the trial court erred in failing to either appoint counsel or permit Plank the opportunity to obtain counsel."). Ms. Mayo's counsel argued, and the trial court agreed, that the purpose of

---

prepare a defense. In the response to the show cause order Mayo's counsel indicated that the order had been served on Mayo on June 4, 2017, and that she would soon be leaving town and would not return for just over a week. Thus, even if Mayo had received notice of the allegations against him soon after counsel filed the response to the show cause order, counsel would have been left with only a few days to prepare a defense prior to the hearing. Cf. Korn v. Korn, 180 So. 3d 1122, 1124 (Fla. 4th DCA 2015) (holding "that two days is not sufficient time to prepare to defend against an indirect criminal contempt charge"); Gratz v. State, 84 So. 3d 1219, 1222 (Fla. 3d DCA 2012) (holding that "Gratz established that six days (and only four business days) was insufficient time for his counsel to prepare for the final [indirect criminal] contempt hearing").

Mayo's request was to delay the proceedings. Given that Mayo had not been put on notice of the allegations against him or even the nature of the contempt proceeding, he cannot be blamed for seeking a continuance. He was not abusing the process, and he was clearly prejudiced by the denial. The court further erred in failing to give Mayo "the opportunity to show cause why he . . . should not be sentenced and to present mitigating evidence before the court sentence[d] him . . . in open court." See Bank of N.Y., 79 So. 3d at 167 (citing Fla. R. Crim. P. 3.840(g)).[4]

"[T]he indirect criminal contempt process requires that all procedural aspects of the criminal justice process be accorded a defendant . . . ." Haeussler v. State, 100 So. 3d 732, 734 (Fla. 2d DCA 2012) (alteration in original) (emphasis added) (quoting Gidden v. State, 613 So. 2d 457, 460 (Fla. 1993)). The court's failure to strictly comply with rule 3.840 was fundamental error, and therefore we reverse the order finding Mayo in indirect criminal contempt. See Sramek, 946 So. 2d at 1237.

Reversed.

CASANUEVA and BADALAMENTI, JJ., Concur.

---

[4]Additionally, while we agree with Mayo that "[t]o prove indirect criminal contempt, there must be proof beyond a reasonable doubt that the individual intended to disobey the court," see Hoffman v. State, 842 So. 2d 895, 897 (Fla. 2d DCA 2003) (quoting Tide v. State, 804 So. 2d 412, 413 (Fla. 4th DCA 2001)), we do not believe that the court erred in failing to expressly state the standard used to evaluate the evidence. Mayo does not argue on appeal that the evidence failed to meet this standard, and he does not challenge the sufficiency of the court's factual findings. See Fla. R. Crim. P. 3.840(f) ("There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the defendant has been found and adjudicated guilty.").